NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted June 1, 2011[*]
Decided June 2, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-2888

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Western District of Wisconsin. |
| *v.* | No. 3:08-cr-00051-bbc-1 |
| JOHN JACQUES, | Barbara B. Crabb, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

After pleading guilty to one count of possessing child pornography, *see* 18 U.S.C.
§ 2252(a)(4)(B), John Jacques moved to withdraw his plea. The district court denied his motion
and then sentenced him to 78 months' imprisonment. In a prior appeal, we denied his appointed
lawyer's motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), *see United States
v. Jacques*, No. 09-1743 (7th Cir. Apr. 1, 2010), and remanded the case to the district court for
resentencing on two special conditions of supervised release. *See United States v. Jacques*, No.
09-1743 (7th Cir. May 14, 2010). The district court modified those conditions and amended the
judgment.

---

[*] After examining the briefs and the record, we have concluded that oral argument is
unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P.
34(a)(2)(C).

Jacques appeals, but targets only the district court's denial of his motion to withdraw his plea. His argument is difficult to discern, but appears to contend that the court erred in accepting his plea as knowing and voluntary. He maintains that his admissions at the Rule 11 hearing should not have been accorded a "presumption of verity" because he did not testify under oath.

Jacques's challenge goes beyond the scope of our remand order. He may not use the occasion of a remand to raise an issue in this second appeal that he could easily have raised in his first. *See United States v. Swanson*, 483 F.3d 509, 515 (7th Cir. 2007). In any event the district court conducted a careful Rule 11 colloquy, which ensured that the admissions he made were knowing and voluntary. *See United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002).

Jacques also faults his attorney for not informing him of rights under the Speedy Trial Act and of certain unspecified defenses to the indictment. Because the trial record on these points is undeveloped, any claim of ineffective assistance would best be brought in a motion under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

AFFIRMED.